(C. D. 1912)

LYONS TRANSPORT *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 12, 1957)

*Wallace & Schwartz* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: Several importations of steel type for typewriters were classified by the collector of customs at the port of entry within the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as articles, not specially provided for, composed wholly or in chief value of base metal, with the consequent assessment of duty at the rate of 22½ per centum ad valorem.

Protests filed against said classification and assessment, which have been consolidated for the purposes of trial, contain a claim for the assessment of duty at the rate of 15 per centum ad valorem, pursuant to the provisions of paragraph 372 of said act, as modified by said trade agreement, for parts of machines, not specially provided for. By timely amendment, plaintiff invoked, as applicable to these importations, the provisions of said paragraph 372, as modified by the Torquay Protocol to the General Agreement, 86 Treas. Dec. 121, T. D. 52739, for parts of machines, wherein a rate of duty of 13¾ per centum ad valorem is provided, and, alternatively, the provisions of paragraph 388, as modified by said Torquay protocol, for new types, which are dutiable at the rate of 15 per centum ad valorem.

As submitted for decision, the sole claim advanced by the plaintiff is for classification within the provisions of paragraph 372, as modified

by the Torquay protocol, *supra*, for parts of machines, not specially provided for, and the assessment of duty at the rate of 13¾ per centum ad valorem.

The cited provisions, insofar as here pertinent, read as follows:
Paragraph 397, as modified by T. D. 51802:

Articles or wares not specially provided for, whether partly or wholly manufactured:

    \*      \*      \*      \*      \*      \*

    Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

    \*      \*      \*      \*      \*      \*      \*

        Other (except slide fasteners and parts thereof)__   22½% ad val.

Paragraph 372 of the tariff act:

\* \* \* all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem: *Provided*, That parts, not specially provided for, wholly or in chief value of metal or porcelain, of any of the foregoing, shall be dutiable at the same rate of duty as the articles of which they are parts: \* \* \*

Paragraph 372, as modified by T. D. 52739:

Machines, finished or unfinished, not specially provided for:

    \*      \*      \*      \*      \*      \*      \*

    Other (except the following: accounting machines; bakery machines; calculating machines; combination candy cutting and wrapping machines; combination cases and sharpening mechanisms for safety razors; cordage machines; food cutting or grinding machines; hydraulic impulse wheels and hydraulic reaction turbines; industrial cigarette making machines; internal-combustion engines of the non-carburetor type; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for manufacturing chocolate or confectionery; machines for packaging pipe tobacco; machines for wrapping candy; machines for wrapping cigarette packages; and tobacco cutting machines)_____ 13¾% ad val.

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part:

    \*      \*      \*      \*      \*      \*      \*

    Other_____ The rate for the article of which they are parts

Typewriters are *eo nomine* provided for in paragraph 1791 of the free list schedule of the Tariff Act of 1930. It is important at this point to observe, however, that no provision is therein contained for parts.

There is no factual dispute in this case. The record shows that typewriter type is soldered to type bars, which are set into the frames of manually operated typewriters. In the functioning of a typewriter, the striking of the key lever engages a sublever connected to the type bar. This causes the type to hit against a rubber cylinder, and an impression is made through an inked cloth ribbon. When the key levers are struck, force from the fingertips, measuring four to five ounces, is propelled to the type bar.

It is also established that the only use for type of this kind is in typewriters and that typewriters can not function without such type.

Without further elaboration, it is clear that typewriters are machines and that the imported articles are parts of machines. In view of the fact that there is no provision in paragraph 1791, *supra*, for parts of typewriters, the question presents itself whether such parts are, as claimed, covered by the parts provision of paragraph 372, as modified, *supra*.

In support of the contention that they are, plaintiff cites the case of *United States* v. *J. E. Bernard & Company, Inc.*, 42 C. C. P. A. (Customs) 141, C. A. D. 586.

The merchandise under consideration in the *Bernard* case consisted of parts of electric gladirons, which were claimed to be parts of articles having as an essential feature an electrical element or device, within the purview of paragraph 353 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*. Disregarding the collector's classification of the merchandise as patently erroneous, the Government contended that gladirons *per se* were household utensils covered by the terms of paragraph 339 of said tariff act, and that, there being no provision in said paragraph 339 for parts, parts of gladirons were relegated to the basket provisions of paragraph 397 as manufactures of base metal.

In sustaining the claim of the importer, the court stated:

The authorities relied upon by the Government in support of its position were distinguished as inapposite by the Customs Court. The court on the other hand sustained appellee's protest hereinbefore described and in so doing held that the importations in controversy are parts of articles which in their entirety fall within the descriptive language of both paragraphs 339 and 353 but, in view of the fact that Congress did not provide for parts of household utensils in paragraph 353 but it did provide there for parts of electrical articles, the importations in issue, as between the provisions of paragraph 397, relating to manufactures of metal, not specially provided for, and paragraph 353, relating to parts of electrical articles, were properly dutiable under said paragraph 353 as parts of articles, electrical ironers, having an essential electrical feature, dutiable at the rate of 15 per centum ad valorem.

More specifically stated, the Customs Court held that the involved gladirons are parts of household utensils provided for in paragraph 339, but are properly dutiable as parts of articles having as an essential feature an electrical element or device under paragraph 353, as modified by the trade agreement, *supra*, in the absence of a provision for parts in paragraph 339.

Broadly stated, the cited case stands for the proposition that where an article aptly falls within the terminology of two different tariff provisions, its classification under one being dictated by considerations of use, or greater specificity, or the like, but, nevertheless, responding to the descriptions of both, parts of the article are appropriately classifiable within the secondary paragraph, if the primary one is silent with respect to parts.

Is the rule applicable to the instant case? Counsel for the Government contends that it is not, for the reason that the *eo nomine* designation of typewriters in paragraph 1791 removes them from the description of machines, not specially provided for, in paragraph 372, and, since the parts provision of the latter is limited to articles covered by the paragraph by the respective phrases "of any of the foregoing" in the original act, as quoted, *supra*, and "of any article provided for in any item 372 in this Part" in the Torquay protocol, parts of typewriters are expressly excluded from the scope of the provision.

This argument loses all force when it is realized that much the same limitations are to be found in the paragraph held to be applicable to parts of electric gladirons, in the *Bernard* case, *supra*. Paragraph 353, as originally enacted, provides for "all the foregoing, and parts thereof, * * * and not specially provided for." As modified by the General Agreement on Tariffs and Trade, *supra*, the provision reads "Parts * * * not specially provided for, of articles provided for in any item 353 of this Part." Electric gladirons, as entireties, are excluded from the scope of paragraph 353, when they are household utensils, as completely as if they were *eo nomine* designated in paragraph 339. To that extent, they are not articles provided for in said paragraph 353. Nevertheless, under the decision of the cited case, parts of such gladirons are properly to be regarded as parts of essentially electrical articles, within the purview of said paragraph 353. This is so for the reason that, despite their being household utensils, electric gladirons respond to the description "articles having as an essential feature an electrical element or device."

By the same process of reasoning, it must follow that parts of typewriters are provided for in paragraph 372. Although typewriters are *eo nomine* designated in paragraph 1791, they are still machines and would fall within the provision for machines in paragraph 372, in the absence of the more specific enumeration.

We are aware that, under the principle expressed in the case of *Norma Company of America* v. *United States*, 6 Ct. Cust Appls. 89, T. D. 35338, it was the practice, during the lifetime of the Tariff Act of 1909, to classify parts of typewriters, and of certain other machines, as manufactures of metal. See also, *Decorated Metal Manufacturing Co. (Inc.), an American Manufacturer* v. *United States and Pickfords*

*Colonial (Inc.)*, 12 Ct. Cust. Appls. 140, T. D. 40061. But that practice obtained under a tariff law which wholly omitted reference to machines, not specially provided for, or to parts thereof.

Parts of typewriters being parts of machines, we hold that they are provided for in paragraph 372 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*, and that they are dutiable at the rate of 13¾ per centum ad valorem. The claim of the plaintiff to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.